IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GRINKER, | No. C 10-00181 JW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a prisoner at the Correctional Training Facility in Soledad ("CTF"), California, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 classification as a violent offender by CTF officials.[1]

**BACKGROUND**

According to the petition, petitioner was found guilty in the Superior Court of the State of California in and for the County of Los Angeles of possession of a firearm by a convicted felon. (Pet. at 6a.) The jury also found true that petitioner

---

[1] The petition was originally opened as Case No. C 09-03201 JW (PR), and subsequently reopened under the above caption.

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Grinker00181_dismiss-hc-cr.wpd

was convicted of numerous serious felony convictions for kidnaping and robbery in Hawaii. (Id.) On January 13, 1997, petitioner was sentenced under California's Three Strikes Law to 25 years to life in state prison. (Id.)

On February 27, 2007, petitioner was classified as a violent offender under California Code of Regulations § 3375.2(b)(25), which resulted in a higher security classification and more restrictive confinement for petitioner. (Pet. at 6a-6b.)

Petitioner filed habeas petitions in the state courts challenging his classification as a violent offender, with the California Supreme Court denying review on March 25, 2009. (Id. at 5.) Petitioner filed the instant federal habeas petition on July 14, 2009.

## DISCUSSION

Petitioner claims that the prison official "arbitrarily classified petitioner a violent offender in violation of the Due Process Clause of the Fourteenth Amendment." (Pet. at 6a.) Specifically, petitioner claims that the Hawaii kidnaping convictions do not qualify as kidnaping under California law, and that therefore petitioner has no felony convictions under California law that qualify him as a violent offender. His classification as violent offender has resulted in a higher classification score which requires more restrictive confinement. The petition goes entirely to the conditions of his confinement, and success in this action would not affect the duration of his confinement.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Grinker00181_dismiss-hc-cr.wpd       2

F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).
///

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Grinker00181_dismiss-hc-cr.wpd    3

1         The clerk is instructed to include two copies of the prisoner civil rights complaint form to petitioner with a copy of this order.

DATED: March 1, 2010

JAMES WARE  
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL GRINKER,

        Petitioner,

  v.

BEN CURRY, Warden,

        Respondent.

Case Number: CV10-00181 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/8/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Grinker K-39225
CTF - Correctional Training Facility
P. O. Box 689
Soledad, Ca 93960

Dated: 3/8/2010

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk